## Wytheville.

### THE BRENARD MANUFACTURING COMPANY V. BROWN.

#### June 14, 1917.

#### Absent, Burks, J.*

1. CONTRACTS—*Failure of Consideration—Misrepresentation.*—Defendant purchased from plaintiff under a written contract a copyrighted advertising plan and certain goods and supplies to be used in connection therewith, giving his notes in payment therefor. Plaintiff gave his bond to secure a refund to defendant, if defendant's sales were not increased in the following year to a certain fixed sum. But this agreement for a refund in case defendant's sales were not increased to the named sum were based on a representation of defendant as to sales the past year, which was admittedly false.

    *Held:* That in an action on the notes there was no merit in the defense and that defendant's sales did not reach the sum named in the contract.

2. CONTRACTS—*Failure of Consideration—General Issue.*—It was urged by defendant that, independent of the special written contract, there was a general agreement and undertaking by the plaintiff to increase the defendant's sales for the year following the purchase of the advertising plan, and that, as no increase in fact resulted, there was a total failure of consideration.

    *Held:* That this defense, if sound, could be availed of under the general issue; but that to adopt this contention would be to make a new contract for the parties. There was no evidence of any agreement to increase the defendant's sales, except as set forth above; and the defendant could not prevent the collection of his notes by setting up the plaintiff's failure to comply with a stipulation which was induced by his own misrepresentation of a material fact.

3. CONTRACTS—*Sales of Advertising Scheme—Consideration for Notes.*—There was ample consideration for the notes. Although the scheme contemplated giving away the articles of merchandise as premiums or prizes, yet these articles and the

---

*Case submitted before Judge Burks took his seat.

services furnished by the plaintiff in connection with the advertising scheme, represented property and value.

4. SALE OF ADVERTISING SCHEME—*Sale to Competitor.*—Where there was no provision in the contract against sales to competitors of the defendant, the fact that plaintiff had sold the same scheme to a competitor of defendant was no defense against his action, although the buyer testified that he understood from the seller's salesman that no similar scheme would be placed with any other merchant near him.

5. APPEAL AND ERROR—*Record.*—Although counsel for the defendant suggested in his brief and in the oral argument that the record before the court was inadequately and imperfectly made up and was not just to the defendant, it is obvious that the court must dispose of the case on the record as it came before it.

Error to a judgment of the Circuit Court of Sussex county, in an action of assumpsit. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*M. G. Mason* and *E. A. Kennedy,* for the plaintiff in error.

*J. N. Sebrell, Jr.,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

The Brenard Manufacturing Company brought this action of assumpsit upon four promissory notes for $100.00 each, executed to it by the defendant, C. M. Brown. Neither party demanded a jury, and all matters of law and fact having been submitted to the court for decision, there was a judgment for the defendant, and the plaintiff brings this writ of error.

The notes sued on, along with two others of like amount which were paid before the suit was brought, were given in settlement of the purchase price of a copyrighted advertising plan and certain goods and supplies to be used in

connection therewith, the outfit consisting of printed in-
structions and advertising matter, watches, silverware, a
toilet set and a player piano. The order for the purchase
of this plan and equipment was solicited and obtained from
the defendant by a salesman, but required the approval of
the plaintiff at its home office, and, so far as pertinent here,
was as follows:

"Brenard Mfg. Co. Gentlemen: On your approval of this
order, deliver to me at your earliest convenience, F. O. B.
factory or distributing point, the Claxton Player Piano,
Watches, Silverware and Advertising Matter described on
this and reverse side, in payment for which I herewith hand
you my six notes, payable to your order, aggregating
$600.00. If order is not approved and shipped by you the
notes are to be cancelled and returned to me.

"My last twelve months sales were $21,000.00, and upon
this figure my next twelve months sales to be $26,000.00
and that if 2 1-3 per cent. of my gross sales does not amount
to six hundred dollars ($600.00) for the next twelve months
you will pay me the deficiency in cash, and send your bond
for $600.00 to cover this agreement with me. You are to
conduct all of the correspondence in securing club leaders
and members in conducting the Club Extension Campaign."

This order was accepted, the outfit was shipped and re-
ceived by the defendant, and the bond mentioned in the
order was executed and forwarded to the defendant in the
following form:

"Know All Men by these Presents, That Brenard Mfg.
Company, the Vendors as principal are held and firmly
bound unto C. M. Brown in the Penal Sum of Six Hundred
Dollars for the payment of which well and truly to be made,
we bind ourselves, our heirs, executors and personal repre-
sentatives.

"That conditions of the above obligation are set forth in
a written order, which agrees to a cash refund on a basis
of 2 1-3 per cent. if business is not increased to $26,000.00.

"Now, therefore, if said vendor shall well and truly perform all obligations set forth in said written order, then this obligation to be void, otherwise to be and remain in full force and effect."

The defendant pleaded non-assumpsit and a special plea in writing. The special plea set up the fact that the defendant's sales for the twelve months next after the purchase from the plaintiff, instead of amounting to the sum of $26,000.00, amounted only to the sum of $8,815.00, and sought to offset against the plaintiff's demand the penalty of the bond. The defendant's representation in the original order that his sales for the previous twelve months amounted to $21,000.00 was, however, admittedly untrue, his sales for that year, in fact, having been only $13,518.00, and it was very properly conceded in this court that there was no merit in the defense set up in the special plea.

The defense urged upon us is one which, if sound, could be availed of under the general issue, and is based upon the theory that, independent of the special written contract, there was a general agreement and undertaking by the plaintiff to increase the defendant's sales for the year following the purchase of the advertising plan, and that, as no increase in fact resulted, there was a total failure of consideration.

To adopt this contention would be to make a new contract for the parties. Undoubtedly, the purpose of the advertising plan was to increase sales of merchants who used it, but we are unable to say that the plaintiff would have been willing to guarantee an increase of the sales of the defendant to any extent if it had known that his sales for the previous year had been only a little over half of the amount as represented by him. There is no evidence of any agreement to increase the defendant's sales, except as set forth in the letter and bond quoted above; and the de-

fendant, of course, may not prevent the collection of his notes by setting up the plaintiff's failure to comply with a stipulation which was induced by his own misrepresentation of a material fact. This proposition needs no citation of authority for its support, and is not controverted here.

There was ample consideration for the notes. The plan and equipment belonged to the plaintiff. The undisputed testimony offered by the plaintiff is that for this plan and equipment and the services rendered by the plaintiff in connection with it, the sum of $600.00 was a reasonable price. It is true that the scheme seems to have contemplated giving away the articles of merchandise as premiums or prizes, but it must be remembered that these articles and the services furnished by the plaintiff in connection with the advertising scheme, represented property and value, and that the plaintiff had the right to determine to whom and upon what terms it would furnish them.

But it is said that the plaintiff did not comply with the contract on its part because it sold similar propositions to the defendant's competitors. There is no provision in the contract against sales to competitors of the defendant; and the only support for the contention here made is found in a very meagre statement of the defendant to the effect "that he thought the plaintiffs treated him unfairly by selling a similar advertising proposition and supplies to Mr. J. M. Tyus at Stony Creek, about ten miles from Jarretts; that he understood from the salesman of the plaintiffs that no other similar advertising scheme would be placed with any other merchant anywhere near him, that is to say within a radius of ten (10) miles; that the plaintiffs had placed one at every cross roads store." This is the whole of the testimony upon this point, and it falls very far short of furnishing any satisfactory basis upon which to relieve the defendant from the payment of the notes.

It was suggested in the brief and in the oral argument of counsel for the defendant (who did not appear in the lower court) that the record before this court was inadequately and imperfectly made up and was not just to the defendant. Whether this be true or not, we, of course, are unable to say, and obviously we must dispose of the case on the record as it comes to us.

Giving full effect to the rule under which we must regard the evidence in this court, the plaintiff is entitled to a judgment for the amount sued for, and this court will reverse the judgment complained of and enter the order here which should have been entered for the plaintiff in the court below.

*Reversed.*